UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JENNIFER TABB,

                                   Plaintiff,

      -against-

"JOHN" MATTEO, Individually, JOHN DIMOTTA, Individually, JASON QUOD, Individually, DANIELLE CALAMIA, Individually, CHRIS MANGAN, Individually, JUDITH MCCABE, Individually, ROBERT MIGLINO, Individually, ARIANA FLORES, Individually, JOSEPH KENNEDY, Individually, NICOLE NICOLETTI, Individually, JOHN BALDWIN, Individually, and MICHAEL DEMARCO, Individually

                                   Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

     Plaintiff JENNIFER TABB, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JENNIFER TABB is a forty-six-year old woman who resides in Florida.

7. That at all times hereinafter mentioned, the individually named defendants "JOHN" MATTEO, JOHN DIMOTTA, JASON QUOD, DANIELLE CALAMIA, CHRIS MANGAN, JUDITH MCCABE, ROBERT MIGLINO, ARIANA FLORES, JOSEPH KENNEDY, NICOLE NICOLETTI, JOHN BALDWIN, and MICHAEL DEMARCO, were duly sworn New York State Court Officers, and were acting under the supervision of the New York State Unified Court System and according to their official duties.

8. New York State Court Officers are empowered with the authority to make arrests, and hold themselves out to be highly trained law enforcement professionals, responsible for providing law enforcement, security services and maintaining order within court facilities statewide.

9. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

## **FACTS**

10. On October 14, 2015, at approximately 11:00 a.m., plaintiff was present inside of New York County Family Court, located at 60 Lafayette Street, New York, New York, when she was falsely arrested and subjected to excessive force by, or in the presence of, defendants MATTEO, DIMOTTA, QUOD, CALAMIA, MANGAN, MCCABE, MIGLINO, FLORES, KENNEDY, NICOLETTI, BALDWIN, and DEMARCO.

11. Plaintiff was present in New York County Family Court for a proceeding in Part 48, where she was awaiting a second call of her case.

12. In response to a legitimate complaint that plaintiff was in the process of relaying to a court officer, plaintiff was verbally harassed, physically assaulted, and then arrested by the defendant New York State court officers.

13. Specifically, a male court officer, believed to be defendant MATTEO, grabbed plaintiff, held plaintiff's right arm behind her back, and pulled it upwards in a painful manner, threw plaintiff into a stairwell, slammed her against a wall, and then through doors.

14. Plaintiff was handcuffed and brought into an elevator.

15. Once in the elevator, defendant MATTEO slammed plaintiff into the back wall of the elevator and then grabbed plaintiff by the back of her hair and handcuffs and slammed her into the left side of the elevator, causing her pelvic bone to strike the wall.

16. After taking plaintiff out of the elevator, defendant MATTEO continued to batter plaintiff by slamming her into a door, causing her pelvic bone to strike the door, and then slamming her head and her face multiple times into walls.

17. After needlessly subjecting plaintiff to unreasonable force, New York State Court Officers caused plaintiff to be transported in police custody to Bellevue Hospital as a purported emotionally disturbed person, even though plaintiff was not a danger to herself or others.

18. This was a blatant attempt by the defendants to cover up their use of excessive force.

19. After plaintiff was treated for injuries sustained during the incident and then released from the hospital, she was falsely arrested for committing the crimes of resisting arrest, obstruction of governmental administration, disorderly conduct, and harassment.

20. She was further held in custody, and thereafter arraigned in New York County Criminal Court on false charges of resisting arrest and disorderly conduct, which were filed based on the false allegations of defendant DIMOTTA. Said false allegations were forwarded to the New York County District Attorney's Office to be used against plaintiff and formed the basis of the charges filed against her.

21. As a result of the false charges lodged against her, plaintiff was compelled to return to New York County Criminal Court until March 7, 2016, on which date all the false charges were adjourned in contemplation of dismissal.

22. All charges have since been dismissed and sealed, and otherwise deemed a legal nullity.

23. Defendants MATTEO, DIMOTTA, QUOD, CALAMIA, MANGAN, MCCABE, MIGLINO, FLORES, KENNEDY, NICOLETTI, BALDWIN, and DEMARCO, either directly participated in the above unlawful acts, or were otherwise present and/or aware of said acts, yet failed to intervene despite meaningful opportunities to do so.

24. Defendants MANGAN, MCCABE, MIGLINO, and DEMARCO supervised defendants MATTEO, DIMOTTA, QUOD, CALAMIA, FLORES, KENNEDY, NICOLETTI, and BALDWIN, and approved of, oversaw, and otherwise participated in the constitutional violations suffered by the plaintiff.

25. As a result of the foregoing, plaintiff JENNIFER TABB sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants arrested plaintiff JENNIFER TABB without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

28. Defendants caused plaintiff JENNIFER TABB to be falsely arrested and unlawfully imprisoned.

29. As a result of the foregoing, plaintiff JENNIFER TABB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JENNIFER TABB' constitutional rights.

32. As a result of the aforementioned conduct of defendants, plaintiff JENNIFER TABB was subjected to excessive force and sustained physical and emotional injuries.

33. As a result of the foregoing, plaintiff JENNIFER TABB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983))

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants created false evidence against plaintiff JENNIFER TABB.

36. Defendants utilized this false evidence against plaintiff JENNIFER TABB in legal proceedings.

37. As a result of defendants' creation and use of false evidence, plaintiff JENNIFER TABB suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

38. As a result of the foregoing, plaintiff JENNIFER TABB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

40. Each of the defendants had an affirmative duty to intervene on behalf of plaintiff JENNIFER TABB, whose constitutional rights were being violated in their presence by other law enforcement officers.

41. The defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiff JENNIFER TABB'S liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to excessive force, handcuffing and other physical restraints.

43. As a result of the foregoing, plaintiff JENNIFER TABB is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

46. As a result of the foregoing, plaintiff JENNIFER TABB is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JENNIFER TABB demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
       October 13, 2018

                BRETT H. KLEIN, ESQ., PLLC
                Attorneys for Plaintiff JENNIFER TABB
                305 Broadway, Suite 600
                New York, New York 10007
                (212) 335-0132

                By:   s/ Brett Klein
                        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JENNIFER TABB,

                                       Plaintiff,

                                                                                        Docket No.

       -against-

"JOHN" MATTEO, Individually, JOHN DIMOTTA,
Individually, JASON QUOD, Individually,
DANIELLE CALAMIA, Individually, CHRIS MANGAN,
Individually, JUDITH MCCABE, Individually,
ROBERT MIGLINO, Individually, ARIANA FLORES,
Individually, JOSEPH KENNEDY, Individually,
NICOLE NICOLETTI, Individually, JOHN BALDWIN,
Individually, and MICHAEL DEMARCO, Individually

                                                         Defendants.

-------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132