```
                                                          ┌─────────────────────────┐
                                                          │ USDC SDNY               │
                                                          │ DOCUMENT                │
                                                          │ ELECTRONICALLY FILED    │
UNITED STATES DISTRICT COURT                              │ DOC #:                  │
SOUTHERN DISTRICT OF NEW YORK                             │ DATE FILED: 12/17/19    │
------------------------------------------------------ X  └─────────────────────────┘
JENNIFER TABB,                                    :
                                                  :       ORDER DENYING MOTION TO
                          Plaintiff,              :       DISMISS
                                                  :
PHILIP MATTEO, Individually, JOHN                 :       18 Civ. 9379 (AKH)
DIMOTTA, Individually, JASON QUOD,                :
Individually, and DANIELLE WISE, Individually,    :
                                                  :
                          Defendants.             :
------------------------------------------------------ X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Following her October 14, 2015 arrest in New York County Family Court, Plaintiff Jennifer Tabb filed this civil rights action against the above-named Defendants—New York State Court Officers—for false arrest, excessive force, violation of her right to a fair trial, and failure to intervene, in violation of 42 U.S.C. § 1983.[1] Defendant Jason Quod now moves to dismiss Tabb's false arrest claim against him, on the ground that the First Amended Complaint ("FAC" or "Compl.") fails to allege Quod's personal involvement in her arrest. For the reasons that follow, Quod's motion to dismiss is denied.

## Background

        I summarize only those portions of the facts and procedural history necessary to resolve Quod's motion to dismiss.[2]

        On October 14, 2015, around 11:00 a.m., Tabb was present inside the New York County Family Court building in lower Manhattan, to attend a hearing (the nature of which is not specified in the FAC). Compl., ECF No. 61, at ¶ 10. Tabb alleges that she then began "making

---

[1] Tabb is pursuing analogous claims against several of the same Defendants in a parallel New York Court of Claims action. *See* ECF Nos. 47, 48, 49, 54.

[2] All facts are taken from the FAC and are assumed true for purposes of the instant motion. *See, e.g., Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

1

a legitimate complaint to and/or in the presence of [Defendant] court officers Matteo, Dimotta, and Quod." *Id.* at ¶ 11. In response, Tabb asserts, she was falsely arrested. *Id.* at ¶ 12.

Specifically, the FAC alleges the following. Matteo "roughly grabbed plaintiff by her arm, pulling it up behind her back, exerting excessive pressure." *Id.* at ¶ 13. Then, Matteo "pushed plaintiff through a set of doors into a stairwell, slamming her head into a stairwell wall." *Id.* at ¶ 14. Dimotta and Quod "followed quickly behind Matteo." *Id.* at ¶ 15. Tabb was then handcuffed, "escort[ed]" by all of the Defendants to an elevator, and once in the elevator, Matteo "continued to subject [her] to unreasonable force . . . in the presence of" Dimotta, Wise, and Quod. *Id.* at ¶¶ 17-18. Matteo continued to treat Tabb roughly in the presence of Dimotta, Quod, and Wise, by, *e.g.*, "slamm[ing] [her] into the back wall of the elevator," and "causing her pelvic bone to strike the wall." *Id.* at ¶¶ 19-20. Finally, Tabb was brought by "New York Court Officers" into custody at New York's criminal court. *Id.* at ¶¶ 23-25.

Tabb filed a complaint in this action on October 13, 2018, and filed the FAC on July 8, 2019. *See* ECF Nos. 1, 61. The FAC, seeking money damages, brings claims for false arrest, excessive force, violation of the right to a fair trial, and failure to intervene, all in violation of 42 U.S.C. § 1983. *See generally* Compl. ECF No. 61. On August 7, 2019, Quod filed the instant motion to dismiss Tabb's claim of false arrest against him. *See* ECF Nos. 75, 76. The matter was fully briefed as of October 15, 2019.

**Discussion**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all of the factual allegations contained in the complaint," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), draw "all inferences in the light most favorable to the non-moving party's favor," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007), and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

In "§ 1983 actions premised on tort claims, courts are to look to the analogous state torts." *DeJesus v. City of New York*, 55 F.Supp.3d 520, 523 (S.D.N.Y. 2014). In order to succeed on a claim for false arrest under New York law, the plaintiff must prove that

> (1) the defendant intended to confine or arrest the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the arrest was not otherwise privileged.

*Betts v. Shearman*, No. 13-cv-3195, 2013 WL 311124, at *5 (S.D.N.Y. Jan. 24, 2013) (quoting *Travis v. Vill. Of Dobbs Ferry*, 355 F.Supp.2d 740, 746-47 (S.D.N.Y. 2005)).

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also, e.g., Travis*, 355 F.Supp.2d at 747; *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Davis v. County of Nassau*, 355 F.Supp.2d 668, 676 (E.D.N.Y. 2005); *Annan v. City of New York Police Dept.*, No. 12-cv-2702, 2014 WL 10416919 (E.D.N.Y. Sept. 9, 2014) ("In the absence of specific factual allegations demonstrating personal involvement, an individual cannot be held liable for violations of Section 1983."), *report and recommendation adopted*, No. 12-cv-2702, 2015 WL 5552271 (Sept. 18, 2015).

Although the allegations in the FAC are "somewhat meager," Tabb has inched over the line from possibility to plausibility vis-à-vis Quod's personal involvement, by claiming that (1) when Matteo pushed Tabb into a stairwell to effect the arrest, Quod followed them, close behind, to accompany Matteo, and (2) after Tabb was handcuffed, Quod was among the officers who assisted in escorting Tabb from the area. *See, e.g., Folk v. City of New York*, 342 F.Supp.3d 363, 370 (E.D.N.Y. 2017) (finding that while "the factual allegations in the Amended Complaint [were] somewhat meager, Plaintiff [alleged] that each Individual Defendant 'directly participated or failed to intervene in the violation.'"); *id.* ("While Plaintiff must prove the roles the Individual

3

Defendants played in her arrest to prevail on the merits, this Court will not dismiss her claims at this stage solely because her narrative as to each Individual Defendant's role in her arrest.") (citations omitted); *Morgan v. County of Nassau*, 720 F.Supp.2d 229, 237 (E.D.N.Y. 2010) ("It is thus not obvious to the Court that [the officer] participated in plaintiff's arrest. However, taking the pleading in the best light for the plaintiff, the Court finds that it is plausible that [this officer's] acts were at least part of the efforts of the Nassau County Police to arrest the plaintiff."); *Messina v. Mazzeo*, 854 F.Supp. 116, 126-28 (E.D.N.Y. 1994); *Wong v. Yoo*, 649 F.Supp.2d 34, 61 (E.D.N.Y. 2009).

Quod's arguments to the contrary fail for a number of reasons. First, several of the cases Quod cites for the proposition that "mere presence" at an arrest is not enough to state a false arrest claim, were decided at summary judgment, and turned in part on rulings regarding evidentiary shortcomings. *See, e.g., Munoz v. City of New York*, No. 04-cv-1105, 2008 WL 464236, at *5 (S.D.N.Y. Feb. 20, 2008) ("The plaintiff has also failed to *offer evidence* sufficient to raise a material issue of fact as to the personal involvement of [the officers] . . .") (emphasis added).[3] Second, the cases cited by Quod concerning improper "group pleading" are inapposite because Tabb has described, by name, the role of each officer, and has thus gone beyond simply alleging that "defendants" violated her rights. Third, while it is true that the FAC's allegations regarding Quod as a bystander to the arrest perhaps are most aptly characterized as sounding in failure to intervene—a separate cause of action pursued in the FAC, *see* Compl., ECF No. 61, at ¶ 51—it would be premature at the pleadings stage to mandate that Tabb slot her factual claims into one theory or the other.

---

[3] Quod's citation to *Rodriguez v. City of New York*, 291 F.Supp.3d 396 (S.D.N.Y. 2018) is similarly unpersuasive. There, the court granted summary judgment on a false arrest claim in favor of an officer who, while a member of the team that arrested plaintiff, did not participate in any way in the plaintiff's arrest, and in fact, was arresting a different individual—in close proximity to plaintiff—at the time of plaintiff's arrest. *See id.* at 410. In reaching this conclusion, the court made a series of rulings on the sufficiency of evidence in the record. *See id.* By contrast, the instant case requires acceptance of the nonconclusory allegations in the FAC, and the FAC alleges that Quod accompanied Matteo's arrest of Tabb and helped escort her from the area of the arrest.

4

**Conclusion**

For the foregoing reasons, Quod's motion to dismiss is denied. The argument scheduled for January 3, 2020, is canceled. The parties shall appear for a status conference at 10:00 a.m. on January 17, 2020 to discuss a case management plan. The Clerk is directed to terminate the open motion (ECF No. 75).

SO ORDERED.

Dated: December 17, 2019
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge